UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TANYA TENNYSON,**

        Plaintiff,

v.                                         Case No:  6:13-cv-1387-Orl-37GJK

**LISA T. MUNYON, DAVID A. BAKER,
MARY S. SCRIVEN, G. KENDALL
SHARP, MARTIN BANDIER, JOHN
LOFRUMENTO, DEL BRYANT and
GARY CHURGIN,**

        Defendants.

---

REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)
>
> **FILED:** September 6, 2013
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the Complaint be **DISMISSED**.

**I.    BACKGROUND.**

This case presents with some pertinent history.  On July 8, 2009, Plaintiff, proceeding *pro se*, filed suit against numerous individual and corporate defendants in state court.  *See Tennyson v. ASCAP*, Case No. 6:09-cv-1618-Orl-35DAB, Doc. No. 1.  The suit was subsequently removed to the Tampa division of this District, and then transferred to the Orlando division.  *Id*., Doc. Nos. 1, 16.  Following dismissal of her initial complaint (*Id*. Doc. No. 8), Plaintiff filed an

amended complaint. *Id.*, Doc. No. 13. In it, Plaintiff alleged that her father, William Tennyson, Jr., was a songwriter who had "contracts with numerous music publishers in New York City" before his death in 1959. *Id.*, Doc. No. 13 at 2. Plaintiff alleged that the defendants "committed antitrust activity against [her father's] estate[.]" *Id.*, Doc. No. 13 at 1. In particular, Plaintiff alleged, among other things, that defendants conspired to divert her father's royalty earnings from his successors, breached "songwriter contracts" to avoid paying the royalties to his successors, engaged in copyright infringement, and "conspired against her so that she would not be able to recover her inheritance." *Id.*, Doc. No. 13 at 1, 4. Subsequently, Judge Mary Scriven ("Judge Scriven") entered an order dismissing the amended complaint with prejudice, finding that Plaintiff lacked standing to assert claims on her father's estate's behalf, lacked standing to assert claims alleging violation of federal antitrust law, and that the amended complaint failed to comply with Rule 9(b) and 12(b)(6), Federal Rules of Civil Procedure. *Id.*, Doc. No. 108. Plaintiff appealed, and the Eleventh Circuit affirmed the dismissal. *Tennyson v. ASCAP*, 477 F. App'x 608 (11th Cir. 2012).

On April 12, 2013, Plaintiff filed a complaint against numerous individual and corporate defendants, many of whom were defendants in *Tennyson v. ASCAP*. *Tennyson v. Citigroup*, Case No. 6:13-cv-609-Orl-18DAB, Doc. No. 1. In it, Plaintiff asserted claims materially similar to those in *Tennyson v. ASCAP*, namely that the defendants conspired to deprive her of royalties from her father's work. *Id.*, Doc. No. 1. On April 22, 2013, Magistrate Judge David Baker ("Judge Baker") entered a report and recommendation recommending that the complaint be dismissed with prejudice, because it was "duplicative and frivolous." *Id.*, Doc. No. 6 at 2, 4. On April 29, 2013, Judge G. Kendall Sharp ("Judge Sharp") entered an order adopting Judge Baker's report and recommendation and dismissed the complaint as frivolous. *Id.*, Doc. No. 9.

On September 6, 2013, Plaintiff filed a complaint (the "Complaint") against the following individuals: Judge Scriven; Judge Sharp; Judge Baker; Judge Lisa T. Munyon ("Judge Munyon"); Martin Bandier; John Lofrumento; Del Bryant; and Gary Churgin.  Doc. No. 1.[1]  The gravamen of the Complaint is that the defendants conspired to deprive her of due process in prior cases, in which she sought an award of royalties for her father's work.  *See* Doc. No. 1.[2]  Now before the Court is Plaintiff's Application to Proceed In District Court Without Prepaying Fees or Costs (the "Motion").  Doc. No. 2.

## II.   LAW.

### A.  The Statute and Local Rules.

The district court is required to review all civil complaints filed *in forma pauperis* and

---

[1] Sometime in 2013, prior to filing the instant Complaint, Plaintiff filed a complaint in the Ninth Judicial Circuit Court of Florida "alleging that the defendants ASCAP[,] et al[,] committed crimes that caused damages to her personally, including fraud and malpractice."  Doc. No. 1 at 30.  According to the Complaint, Judge Munyon dismissed Plaintiff's action finding that the "complaint lacked clarity[,]" "Plaintiff amended her complaint without leave of court[,]" and "Plaintiff failed to meet the pleading requirements of Florida Rules of Civil Procedure, Rule 1.110[.]"  Doc. No. 1 at 30.

[2] Plaintiff's thirty-three (33) page complaint is best summarized by the following excerpt:

> Plaintiff … files suit … against the above named persons alleging that they are court officials and corporation officials who engaged secretly in political conspiracies as adversaries against the Plaintiff.  The adversaries of the Plaintiff convinced the court officials to discriminate against the Plaintiff with prejudice and intent to deprive the Plaintiff of property, income, and the right to protect her personal shareholdings in properties.  The Plaintiff alleges that the defendant court officials engaged in ex-parte meetings with representatives of her adversaries.  The defendant court officials of this instant case arrived at agreements with a consortium of adversaries of the Plaintiff's lawsuits, and the defendant court officials adopted an agenda to culminate in the vindication of the Plaintiff's adversaries including ignoring and/or criticizing the Plaintiff and her allegations as insignificant; focusing time, attention, and case law arguments on irrelevant "issues" created by the adversaries of the Plaintiff; causing obstruction of justice and due process of law by denying the Plaintiff a hearing and by blocking case management and the discovery process whilst not moving the Plaintiff's lawsuits forward; and by instead dismissing the Plaintiff's lawsuits as frivolous without presenting to the court essential evidence to prove such adverse branding, the defendant court officials arrived at their judgments by hearsay and the political influence of their peer network, the legal counsel of the prestigious corporations[.]

Doc. No. 1 at 1.

dismiss any such complaint that is frivolous, malicious, or fails to state a claim. *See* 28 U.S.C. § 1915. The mandatory language of § 1915 applies to all proceedings *in forma pauperis*.[3] Section 1915 provides, in relevant part, as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>   (A) the allegation of poverty is untrue; or
>   (B) the action or appeal –
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

*Id*. § 1915(e)(2).

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. *See* Local Rule 4.07. Pursuant to Local Rule 4.07(a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. Local Rule 4.07(a). The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id*. The Court may dismiss the case if satisfied that the action is frivolous or malicious under Section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

**B. Discretion under § 1915.**

"Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit."

---

[3] Despite § 1915's reference to actions instituted by prisoners, the section applies to all persons requesting leave to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

*Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Accordingly, § 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous. *Id.*; *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990).

### C. Frivolous Actions under § 1915.

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).[4] Specifically, a complaint is frivolous where it relies on "indisputably meritless legal theor[ies.]" *Id.* at 327. A complaint is also frivolous where it asserts factual allegations that are "clearly baseless," which, in turn, encompass allegations that are "fanciful," "fantastic," and "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 27-28). Accordingly, where a district court determines from the face of the complaint that the legal theories are indisputably meritless or the factual allegations are clearly baseless, the court may conclude that the case has little or no chance of success and dismiss the complaint before service has been perfected. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam).

### D. *Pro Se* Plaintiff.

While *pro se* pleadings must be liberally construed, *Berkery v. Kaplan*, 518 F. App'x 813, 814 (11th Cir. 2013), a *pro se* plaintiff "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Therefore, if Plaintiff continues *pro se*, she must abide by the Local Rules for the Middle District of Florida, the Federal Rules of Civil Procedure, and the applicable substantive law.

---

[4] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives of § 1915(e)(2).

**III.   ANALYSIS.**

The Complaint is best characterized as a lengthy diatribe of a disgruntled litigant concerning the adjudications of prior suits, all of which relate to Plaintiff's claim that she has been unlawfully denied royalties for her father's work.  *See* Doc. No. 1.  In essence, the Complaint alleges that federal and state judges, over the course of three separate cases, have systematically conspired with defendants to deprive her of due process, namely, dismissing her complaints before discovery commenced.  *See* Doc. No. 1.  Upon consideration of the allegations set forth in the Complaint, and having reviewed the prior cases before this Court, the undersigned finds Plaintiff's claims of an ongoing, systematic conspiracy to be clearly baseless, and therefore frivolous.

Additionally, a judge is absolutely immune from civil liability for any acts performed in his or her judicial capacity, "even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)).  Judicial immunity can, however, be overcome where the judge's actions are non-judicial or taken in complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).  "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (citing *Scott v. Hayes*, 719 F.2d 1562, 1565 (11th Cir. 1983)).

Based on the allegations in the Complaint, the acts complained of, which, in essence, consist of orders dismissing Plaintiff's prior complaints, constitute normal judicial functions, that

occurred in chambers, involved cases pending before the judges, and arose immediately out of requests or complaints made to the judges in their judicial capacity. *See* Doc. No. 1. Accordingly, the undersigned finds that Plaintiff's claims against the judges are barred by absolute judicial immunity, and therefore are frivolous. *See Neitzke*, 490 U.S. at 327 (indicating that a claim is frivolous where a defendant is clearly immune from suit) (citing *Williams v. Goldsmith*, 701 F.2d 603 (7th Cir. 1983) (finding that claims against defendant judges were frivolous because they were absolutely immune from suit)).

IV. **CONCLUSION.**

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 2) be **DENIED**;
2. **DISMISS** the Complaint (Doc. No. 1) as frivolous; and
3. Direct the Clerk to close the case.

**The Clerk is directed to send a copy of this report and recommendation to Plaintiff by Certified Mail.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 18, 2013.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record

Unrepresented Party
Courtroom Deputy